IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**TAKESTA SMITH,**

    **Petitioner,**

v.                                      **Case No. 1:18-cv-01002**

**WARDEN, ALDERSON PRISON CAMP,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), Petitioner's Motion for Recommendation Regarding Length of RRC Placement, (ECF No. 2), and Respondent's response requesting dismissal. (ECF No. 11). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that Petitioner's § 2241 petition and pending motion be **DENIED**, (ECF Nos. 1, 2), Respondent's request for dismissal be **GRANTED**, (ECF No. 11), and this matter be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I.　　Relevant Factual and Procedural Background

Petitioner Takesta Smith is a federal inmate incarcerated at Federal Prison Camp ("FPC") Alderson in Alderson, West Virginia with a scheduled release date of November 14, 2019. *See* https://www.bop.gov/inmateloc. On May 27, 2015, Petitioner was indicted by a federal grand jury in the Eastern District of Tennessee with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance ("Count One"); and knowingly and intentionally possessing with the intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance ("Count Two"). *See United States v. Smith*, 4:15-cr-0006-HSMSKL-1, (E.D. Tenn. May 27, 2015) at ECF No. 1. On September 4, 2015, Petitioner entered into a Plea Agreement whereby she agreed to plead guilty to Count One of the indictment in exchange for a dismissal of Count Two. *Id.* at ECF No. 22.

On June 7, 2016, the District Court accepted Petitioner's Plea Agreement, adjudged her guilty on Count One of the indictment, and sentenced Petitioner to 70 months imprisonment. *Id.* at ECF No. 74. Petitioner was also sentenced to three years of supervised release. *Id.* The District Court provided a recommendation in the Sentencing Order that the Federal Bureau of Prisons ("BOP") provide Petitioner with 500 hours of substance abuse treatment from the BOP Institution Residential Drug Abuse Treatment Program. *Id.* On January 17, 2017, pursuant to a motion filed by the Government under Federal Rule of Criminal Procedure 35(b), Petitioner's sentence was reduced to 60 months imprisonment. *Id.* at ECF No. 84.

On June 6, 2018, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255 in this Court in which she asserts three grounds for relief, which are identical to those claimed in this habeas

proceeding. *Smith v. United States,* Case No.: 1:18-cv-01015 (S.D.W. Va. Nov. June 6, 2018) at ECF No. 1. The first two grounds are in support of her argument that the Court should recalculate her sentence to correct errors made at the time of her sentencing. *Id.* First, Petitioner contends that the sentencing judge incorrectly applied an enhancement under United States Sentencing Guideline ("USSG") 2D.1.1 to account for the presence of weapons during the commission of her crimes. Second, she claims that she is entitled to a two-level reduction for her "minor" role in the crime of conviction. *Id.* Her third ground in the § 2255 motion is based on the Second Chance Act. *Id.* Petitioner claims that the BOP has failed to correctly apply the Second Chance Act in her case by not evaluating her for residential reentry; therefore, she requests that the Court order her release to a halfway house.

On August 1, 2018, the undersigned recommended that Petitioner's § 2255 motion be transferred to the sentencing court in the Eastern District of Tennessee. *Id.* at ECF No. 6. The undersigned further noted that the third claim made in the motion— that the BOP failed to correctly apply the Second Chance Act—was more properly filed under § 2241, but determined that since Petitioner had contemporaneously filed the instant § 2241 petition asserting the same claims, dismissal of Petitioner's § 2255 case would not prematurely dispose of the issue. *Id.*

In the instant § 2241 petition, also filed on June 6, 2018, Petitioner asks this Court to recommend to the BOP that she receive 12 months of Residential Reentry Center ("RRC") placement. (ECF No. 2 at 1). Petitioner asserts that there are openings in multiple federal halfway houses, but the BOP has internally determined to forego making recommendations in a timely manner. (*Id.* at 5). This is because, Petitioner contends, prison administrators are intentionally "slow-walking" transfers to RRCs in

3

order to maintain artificially inflated prison population numbers which will lead to possible bonuses for the administrators. (*Id.*).

On August 24, 2018, the undersigned ordered Respondent to show cause why the relief requested by Petitioner should not be granted. (ECF No. 8). Respondent filed a response in October 2018, seeking dismissal of the petition. (ECF No. 11). Respondent maintains that the petition should be dismissed because Petitioner never pursued, much less exhausted, her administrative remedies regarding the Second Chance Act or RRC placement. (*Id.* at 3-4). Furthermore, Respondent contends that the issue is not ripe for judicial determination as Petitioner filed the action prior to the 12-month statutory period and the BOP has yet to make a decision regarding Petitioner's placement under the Second Chance Act.[1] (*Id.* at 3, 6).

Following Respondent's request for dismissal, the undersigned notified Petitioner on October 11, 2018, that she had 21 days to file a response in opposition to Respondent's request for dismissal. (ECF No. 12). The undersigned also informed Petitioner that, "ordinarily, a failure to respond to the motion to dismiss within the allowed time can support a conclusion that Respondent's contentions are undisputed." (*Id.* at 1). Despite this notification, Petitioner has yet to file any response. More importantly, Petitioner has not disputed any of the representations made by Respondent.

## II. <u>Analysis</u>

For the reasons stated below, the undersigned finds that Petitioner's § 2241

---

[1] Respondent did not address the other two grounds contained in the § 2241 petition, because they were already the subject of the undersigned's Proposed Findings and Recommendations in Case No. 1:18-cv-1015. For that same reason, the undersigned does not address grounds one and two of the petition, but incorporates herein the previously issued findings and recommendations. *Smith,* Case No. 1:18-cv-1015 at ECF No. 6.

petition must be dismissed for failure to exhaust administrative remedies and because the issue presented was not ripe for judicial review. Further, the undersigned finds that even if the Court were to waive these barriers to review, the petition is without merit.

### A. Exhaustion of Administrative Remedies

Generally, an inmate should exhaust adequate alternative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition) (citations omitted). Habeas relief under 28 U.S.C. § 2241 is always available "to safeguard the fundamental rights of persons wrongly incarcerated," but it is an "avenue of last resort." *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (citing *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies before seeking habeas review under § 2241. *See, e.g.*, *Timms*, 627 F.3d at 530-33 (requiring exhaustion in a § 2241 matter); *McClung,* 90 Fed.Appx. at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. CIVA 5:10-0528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-CV-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011) (citing *Jones v. Bock,* 549 U.S. 199, 204, (2007); *McCarthy v. Madigan,* 503 U.S. 140, 144–45 (1992)).

The BOP provides a four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a

grievance to the Warden on a "BP–9" form; (3) appealing to the Regional Director on a "BP–10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP–11" form within 30 days of the date the Regional Director signed the response to the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley*, No. 5:16-CV-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-CV-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018). Petitioner has not provided any evidence that she utilized the available administrative grievance procedures prior to filing the instant § 2241 petition. To the contrary, Respondent contends that Petitioner never pursued her administrative remedies prior to filing the habeas action. Indeed, according to Respondent, Petitioner had not even requested RRC placement before resorting to the court. (ECF No. 11 at 6). Petitioner does not refute Respondent's representations, nor does she describe in her petition any effort on her part to seek administrative recourse. Accordingly, the undersigned **FINDS** that Petitioner has not exhausted her administrative remedies regarding the claim presented in her petition.

The next issue for the Court's consideration is whether to excuse exhaustion in this case. The United States Court of Appeals for the Fourth Circuit has stated that an inmate's failure to exhaust his or her administrative remedies before filing a § 2241 petition "may only be excused upon a showing of cause and prejudice." *McClung*, 90 F. App'x at 445. This Court has excused a § 2241 petitioner's failure to exhaust his administrative remedies on the basis of futility. *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *8–9 (S.D.W. Va. June 12, 2006); *see also Bost v. Adams*, No. 1:04-0446, 2006 WL 1674485, at *6-7 (S.D.W. Va. June 12, 2006). Other courts in the circuit have also excused exhaustion when "the actions of the agency clearly and

6

unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm." *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (citing *Lyons v. U.S. Marshals,* 840 F.2d 202, 205 (3rd Cir.1988)). However, exhaustion should only be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Id.* (quoting *Rose v. Lundy,* 455 U.S. 509, 515–516 (1982)).

Here, Petitioner has not established that it would have been futile to utilize the grievance process. While she argues that the BOP has "internally determined" not to assign RRC placements in a timely fashion and accuses the BOP of being a "totally political agency," (ECF No. 2 at 5), her contention that the BOP has engaged in such behavior is entirely conclusory and is not supported by evidence. Conclusory statements that exhaustion would be futile that are not substantiated with some evidence are not enough to evade the exhaustion requirement. *See e.g., Torres v. Warden FCI-Three Rivers*, No. 2:17-CV-178, 2018 WL 2976070, at *2 (S.D. Tex. Apr. 17, 2018), *report and recommendation adopted*, No. 2:17-CV-00178, 2018 WL 2967694 (S.D. Tex. June 13, 2018) (assertion that BOP would not consider placement for longer than six months without evidence was conclusory); *see also Rivkin v. Tamez*, 351 Fed Appx. 876 (5th Cir. 2009) (same); *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (exhaustion can be granted on the basis of futility if the BOP is certain to rule adversely, but an unsupported prediction of failure does not excuse lack of exhaustion) (citing *Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev.,* 907 F.2d 445, 450 (4th Cir. 1990) ("Allowing a petitioner to avoid the administrative process based on a mere

7

conclusory assertion 'would allow the futility exception to swallow the exhaustion.'")).

Consequently, Petitioner has shown no valid reason for circumventing the Administrative Remedy Program. The Court simply cannot excuse exhaustion every time an inmate incorrectly utilizes the administrative process, fails to understand the process, or simply bypasses the process altogether. To do so would undermine the effectiveness of the Program provided by the BOP as well as the purpose of the exhaustion requirement. "Exhaustion allows the appropriate agency to develop a factual record and apply its expertise, which can facilitate judicial review." *Wright*, 2010 WL 1258181, at *1. It also "permits agencies to grant the relief requested, which conserves judicial resources and provides agencies the opportunity to correct their own errors, fostering administrative autonomy." *Id.* (citing *McCarthy v. Madigan,* 503 U.S. 140, 144–145 (1992); *Moscato Fed. Bureau of Prisons,* 98 F.3d 757, 761–62 (3rd Cir.1996)).

Therefore, the undersigned **FINDS** that Petitioner failed to exhaust administrative remedies regarding her RRC placement and neglected to provide the court with facts that would excuse or justify her failure to exhaust the available administrative remedies.

### B. Ripeness

Even if the Court were inclined to waive exhaustion in this case, Petitioner's § 2241 petition would fail as it was filed prematurely. Courts cannot decide a claim that is not ripe for adjudication. *See National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807 (2003). The rationale behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect

8

the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 807–08 (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967)).

Petitioner seeks relief under the Second Chance Act. (ECF No. 2). Title 18 U.S.C. § 3624(c), as amended by the Second Chance Act, provides that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.[2]" *Id.* at § 3624(c). In considering inmates for pre-release community confinement, the BOP must consider five factors:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); 28 C.F.R. § 570.22. The determination must be made on an "individual basis" and the placement must be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 28 C.F.R. § 570.22.

---

[2] As of March 31, 2006, the BOP began referring to halfway houses, which were formerly titled "Community Corrections Centers or ("CCCs")," as "Residential Reentry Centers" or (RRCs). This Court will continue to refer to the placement centers as RRCs, but the titles are often used interchangeably in the case law. *See e.g., Ryno v. Berkebile*, No. 3:08-CV-0277-G, 2008 WL 2717181, at *1 n.1 (N.D. Tex. July 10, 2008).

As evidenced by the phrase "to the extent practicable" and the direction to determine placement on an "individual basis," the decision to grant the benefits provided by the statute is one of discretion. *See* 28 C.F.R. § 570.22. Therefore, "[d]espite a prisoner's eligibility for a placement of up to twelve months in an RRC, it is within the sole discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." *Garrison v. Stansberry*, No. 2:08CV522, 2009 WL 1160115, at *4 (E.D. Va. Apr. 29, 2009) (citing *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 251 (3rd Cir. 2005) (holding that the BOP must analyze the five factors in § 3621(b) and "that the BOP may assign a prisoner to [an RRC] does not mean that it must").

It is not within the province of this Court to reevaluate or second-guess the BOP's decisions under the Second Chance Act. *See Douglas v. Stewart*, No. 2:11CV48, 2011 WL 4708785, at *6 (N.D.W. Va. Sept. 12, 2011), *report and recommendation adopted*, No. 2:11-CV-48, 2011 WL 4708781 (N.D.W. Va. Oct. 4, 2011) (citation omitted) (stating that because judicial review is precluded, "any substantive decision by the BOP with regard to the petitioner's eligibility for RRC placement, or the length of time in an RRC, is not reviewable by this Court."). The Court's only role in reviewing the BOP's decision as to Petitioner's placement under the Second Chance Act is to determine whether the BOP properly reviewed Petitioner's case on an individualized basis as required by the statute. *See Garrison*, 2009 WL 1160115, at *4; *Myers v. Williams*, No. 2:15-CV-49, 2015 WL 9304550, at *6 (N.D.W. Va. Dec. 21, 2015); *Arbaugh*, 2010 WL 5481198, at *5. Congress specifically excluded §§ 3621 and 3624 from judicial review. *See Douglas*, 2011 WL 4708785, at *6 (citing *Davis v. Beeler,* 966 F.Supp. 483, 489 (E.D.Ky.1997)). Thus, this Court may only consider "whether there is clear evidence of unconstitutional conduct or evidence that the agency acted outside

the scope of its authority." *Id.* (citing *Webster v. Doe,* 486 U.S. 592 (1988); *Turner v. Safley,* 482 U.S. 78, 84 (1987); *Procunier v. Martinez,* 416 U.S. 396, 405 (1974); *Davis,* 966 F.Supp. at 489).

Petitioner filed the instant § 2241 petition in June 2018, although her release date was estimated to be November 14, 2019—seventeen months later. The maximum benefit Petitioner would be entitled to receive under the statutory scheme is 12 months placement in an RRC. *See* 18 U.S.C.A. § 3624(c)(1). Petitioner asked this Court to recommend to the BOP that it provide Petitioner with the full 12-month placement. (ECF No. 2 at 4). However, Petitioner did not describe any decision made by the BOP regarding her RRC placement, nor did she indicate anywhere in her petition that she made a request to the BOP for such placement. In his response to the Show Case Order, Respondent indicated that the BOP had not yet had the opportunity to fulfill its statutory obligation to consider Petitioner's eligibility on an individual basis and that consequently, the petition was not ripe for consideration. (ECF No. 11 at 3). Respondent further stated that "[o]nce a request for release under the Second Chance Act is made by Petitioner, she would be appropriately considered for RRC placement pursuant to the five factors set forth in 18 U.S.C.§ 3621(b)." (*Id.* at 5). As previously stated, Petitioner did not file a reply memorandum in this case and did not contest Respondent's assertion that Petitioner never asked the BOP to consider her for RRC placement.

Consequently, the record before the Court demonstrates that Petitioner filed this action before she requested, and before she received, a determination from the BOP regarding her desired RRC placement. Moreover, she filed the habeas petition before she was entitled to any such relief. As a result, Petitioner's § 2241 petition was

11

filed prematurely. The BOP must be given an opportunity to fulfill its statutory obligation prior to any intervention on the part of this Court. *See e.g. United States v. Holcomb*, No. CR 01-00218 KG, 2018 WL 1896542, at *2 (D.N.M. Apr. 18, 2018) ("[Petitioner's] request is premature until the BOP has acted on a Second Chance Act request'); *see also Ciocchetti v. Wiley*, 358 F. App'x 20, 24 (10th Cir. 2009) (finding petitioner failed to exhaust remedies where he had declined to request placement in an RRC prior to filing the petition); *Torres,* WL 2976070, at *2 (dismissing claim where petitioner filed prior to 12 month period and did not request a placement); *United States v. Acosta-Cruz*, No. 011-CR-002(4) (SRN/FLN), 2018 WL 5801900, at *2 (D. Minn. Nov. 6, 2018) ("Because [petitioner] has not been reviewed for pre-release RRC placement yet, his petition is premature."); *Glasper v. Ebbert*, No. 1:18-CV-00001, 2018 WL 4492976, at *4 (M.D. Pa. Sept. 19, 2018) ("Therefore, because a final RRC placement decision had not been made at the time Petitioner filed this habeas petition, the issue was not then ripe, nor is it now."); *Porter-Bey v. Bledsoe*, 456 F. App'x 109, 111 (3d Cir. 2012) (when "neither a final decision nor a final recommendation [on RRC] has been made … [the] habeas corpus petition … is not ripe for judicial review.").

As detailed above, this Court's review of the BOP's compliance with the requirements of the Second Chance Act is limited to ensuring that inmates receive the individual determination of eligibility to which they are entitled. As Petitioner never requested such review and initiated a habeas proceeding before the review was timely, there was nothing for this Court to evaluate. Respondent has represented to the Court that when Petitioner requests placement in an RRC she will be evaluated pursuant to the statutory requirements. (ECF No. 11 at 5). Given that Petitioner has not disputed Respondent's representation, the undersigned can only assume that Respondent is

12

meeting its obligation now that Petitioner is closer to completing her sentence. Therefore, the undersigned **FINDS** that the petition presented an issue that was not ripe for adjudication.

### C. Merits

Finally, even if this Court were to consider the merits of Petitioner's claim, she would be unable to prevail as she requests relief which this Court is not in a position to grant. Petitioner requests that this Court recommend to the BOP that it provide Petitioner the full 12 months of RRC placement. (ECF No. 2 at 1). However, as explained above, the only role this Court may play in enforcing the Second Chance Act's requirements is to ensure that Petitioner receives an individualized determination made in accordance with the statutory factors. This Court may not review the merits of any such individual determination, so long as it was made in accordance with the statutory factors. *See Douglas*, 2011 WL 4708785, at *6 (citations omitted).

Title 18 U.S.C. § 3621(b) authorizes the BOP to designate the place of a prisoner's imprisonment. In designating the place, and in making placement decisions, the BOP may consider "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility"; however, such a recommendation "shall have no binding effect on the authority of the [BOP] ... to determine or change the place of imprisonment of that person." *See* 18 U.S.C. § 3621(b). Courts across the country are split as to whether district courts have the jurisdiction to make placement recommendations on *post-sentencing* motions. *See United States v. Ferguson,* Crim. Act. No. 6:16-cr-00707-JMC-8, 2018 WL 5095149, at *2-3 (D.S.C. Oct. 19, 2018) (reviewing cases). Nonetheless, even if this Court were inclined to find that district courts have such

13

jurisdiction, the request for a recommendation would need to be made to the *sentencing* court—in this case, the Eastern District of Tennessee.

Therefore, this Court cannot direct the BOP to reach a certain result regarding Petitioner's placement under the Second Chance Act. Petitioner cites to an Eighth Circuit case where the District Court did direct such a result. *Ambrose v. Jett*, No. 13-CV-2343 (PJS/JSM), 2013 WL 6058989, at *9 (D. Minn. Nov. 15, 2013). However, the decision in *Ambrose* was predicated on the fact that the BOP had conducted the review required under the Second Chance Act, determined that Ambrose was entitled to placement in an RRC, but then revoked his placement after the RRC he was referred to, a third-party independent contractor, determined that Ambrose was not eligible for placement. *See Id.* at *8. The District Court determined that in relying on the opinion of the third-party contractor to revoke Ambrose's RRC placement after it had been granted, the BOP exceeded its statutory authority. *Id.* at *7. This case does not contradict the fact that federal courts do not have the authority to review "the ultimate discretionary decision by the BOP," or to decide that a placement decision by the BOP was arbitrary or unreasonable. *Id.* at *7; *see also Simon v. L. LaRiva*, No. 16-CV-00146 (ADM/TNL), 2016 WL 1626819, at *7 (D. Minn. Mar. 10, 2016), *report and recommendation adopted*, No. CV-16-146 (ADM/TNL), 2016 WL 1610603 (D. Minn. Apr. 21, 2016) (distinguishing from *Ambrose*).

Absent a clear abdication of statutory responsibility such as in *Ambrose,* federal courts simply do not have the authority to direct a certain placement result for a specific individual. Here, Petitioner is not arguing that the BOP failed to conduct an individual determination of her eligibility, as she filed the instant Petition before seeking such a determination. Instead she is asking this Court to conduct an

14

independent review of her eligibility under the Second Chance Act, and to then recommend a specific result to the BOP. This Court does not have the authority to make such a recommendation. Moreover, given that this Court did not sentence Petitioner, even a non-binding recommendation under 18 U.S.C. § 3621(b) is not appropriate. Therefore, the undersigned **FINDS** that as it cannot provide the relief requested by Petitioner, her claim is without merit.

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

> 1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Motion for Recommendation Regarding Length of RRC Placement, (ECF No. 2), be **DENIED**;
>
> 2. Respondent's request for dismissal, (ECF No. 11), be **GRANTED**; and
>
> 3. That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** December 21, 2018

Cheryl A. Eifert
United States Magistrate Judge